

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**

**FORT WORTH**

## NO. 02-13-00315-CV

TEXAS CITYVIEW CARE CENTER
LP D/B/A CITYVIEW CARE
CENTER

APPELLANT

V.

FRANCESCA D. FOSTER

APPELLEE

----------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY
TRIAL COURT NO. 2012-005307-1

----------

## MEMORANDUM OPINION[1]

----------

By this interlocutory appeal, Appellant Texas Cityview Care Center LP d/b/a Cityview Care Center ("Cityview") attempts to appeal from an order denying its motion for summary judgment seeking dismissal of Appellee Francesca D. Foster's claims for failure to file an expert report pursuant to the Texas Medical

---

[1]*See* Tex. R. App. P. 47.4.

Liability Act (TMLA).  *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 51.014(a)(9) (West 2015), 74.001–.507 (West 2011 & Supp. 2014).  In three issues, Cityview claims Foster was required to file an expert report pursuant to civil practice and remedies code section 74.351(a), and therefore, the trial court erred by denying Cityview's motion for summary judgment.  *See id.* § 74.351(a), (b).  On our own motion, we dismiss the appeal for lack of jurisdiction.[2]

## Factual and Procedural Background

On August 10, 2012, Foster sued Cityview for injuries she suffered during the course and scope of her employment with Cityview.  She alleged that on or about September 7, 2011, while working in the normal course and scope of her duties as a transporter, she was injured when she was assaulted by a fellow employee in Cityview's parking lot.  She further alleged that on or about October 6, 2011, while working in the normal course and scope of her duties, she was injured while transporting and lifting a patient in a wheelchair onto a van lift.  With respect to each incident, she claimed that her injuries and damages were the result of Cityview's faulty supervision and negligence.  Foster claimed that Cityview had a duty to use reasonable care to control and supervise its employees, to enforce safety standards and protocols, and to keep the workplace in a reasonably safe condition and safe from premises defects, defective

---

[2]Appellate jurisdiction is never presumed, and issues related to our jurisdiction over an appeal may be raised on our own motion at any time.  *See M.O. Dental Lab v. Rape,* 139 S.W.3d 671, 673 (Tex. 2004).

2

equipment, and dangerous activities and instrumentalities. According to Foster, Cityview was negligent and grossly negligent in failing to exercise reasonable care and supervision of safety matters in the workplace, failing to provide a reasonably safe work environment, and failing to adequately protect her while she was working.

On December 20, 2012, Cityview filed a motion to dismiss, asserting that because Foster's claims fell within the TMLA's definition of health care liability claims,[3] she was required to file an expert report pursuant to civil practice and remedies code section 74.351(a). *See id.* § 74.351(a). Because Foster had not filed such a report, Cityview urged the trial court to dismiss both of her claims. *See id.* § 74.351(b). Foster did not file a response nor did she appear at the hearing on Cityview's motion on January 17, 2013. After the hearing, the trial court granted Cityview's motion, dismissing all of her claims with prejudice and awarding Cityview $3,680 in reasonable attorney's fees and court costs.

Foster timely filed a motion to reinstate, arguing that she did not appear at the January 17 hearing on Cityview's motion because she did not receive notice

---

[3]The TMLA defines a "health care liability claim" as

> a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

Tex. Civ. Prac. & Rem. Code Ann. § 74.001(13).

3

of the hearing. She also asserted that the trial court erred in dismissing the suit with prejudice and ordering that Foster take nothing. After a hearing on February 13, 2013, the trial court granted Foster's motion and reinstated the case.

On March 11, 2013, Cityview filed another motion to dismiss pursuant to civil practice and remedies code section 74.351(b), arguing that because Foster was a claimant under the TMLA and her claims were within the "safety category" of health care liability claims as defined by the supreme court in *Texas West Oaks Hospital, L.P. v. Williams*, 371 S.W.3d 171, 186 (Tex. 2012), her claims were subject to the expert report requirements of the TMLA.[4] *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.001(a)(2), (13). The trial court denied Cityview's second motion to dismiss on May 8, 2013. No appeal was taken from the May 8 order.

Cityview filed a motion for traditional summary judgment on July 19, 2013. In its summary judgment motion, Cityview once again renewed its request to dismiss Foster's claims pursuant to section 74.351(b), reurging the grounds asserted in its March 11 motion to dismiss. On August 16, 2013, the trial court denied Cityview's summary judgment motion. On August 30, 2013, Cityview filed

---

[4]In *Williams*, which involved a health care employee's claim against his health care provider employer for injuries arising out of inadequate training, supervision, risk-mitigation, and safety, the supreme court determined that the TMLA does not require that a claimant be a patient of the health care provider for the claimant's claim to fall under the TMLA and that a claim based upon alleged departures from accepted safety standards need not be directly related to health care to be a health care liability claim. 371 S.W.3d at 174, 183–86.

a notice of appeal of the trial court's August 16 order, purportedly under section 51.014(a)(9) of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(9) (permitting appeal from an interlocutory order that denies all or part of the relief sought under civil practice and remedies code section 74.351(b)).

At oral argument, we notified the parties that we were concerned that we lacked jurisdiction over this appeal because the notice of appeal was untimely, as the order Cityview was actually appealing was the May 8 order denying its motion to dismiss. In other words, we were concerned that Cityview waived its right to an interlocutory appeal by failing to appeal the May 8 order because the order "denie[d] all or part of the relief sought by a motion under Section 74.351(b)." *See id.* We granted the parties leave to file post-submission letter briefs to address our jurisdictional concerns. Both parties filed letter briefs.

### Standard of Review

Generally, we review a trial court's order on a defendant's motion to dismiss a health care liability claim for an abuse of discretion. *Jernigan v. Langley*, 195 S.W.3d 91, 93 (Tex. 2006); *Garcia v. Allen*, 337 S.W.3d 366, 369 (Tex. App.—Fort Worth 2011, no pet.). A trial court abuses its discretion if the court acts without reference to any guiding rules or principles, that is, if the act is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). But we review de novo the question of whether this court has jurisdiction over an appeal because jurisdiction

5

is a legal question. *IFS Sec. Grp., Inc. v. Am. Equity Ins. Co.*, 175 S.W.3d 560, 562 (Tex. App.—Dallas 2005, no pet.); *see also M.O. Dental Lab*, 139 S.W.3d at 673 (stating that an appellate court is obligated to review issues affecting its jurisdiction). If the record does not affirmatively demonstrate that we have jurisdiction, we must dismiss the appeal. *IFS Sec. Grp.*, 175 S.W.3d at 562.

**Discussion**

In response to our jurisdictional inquiry, Cityview argues that because its motion for summary judgment sought dismissal of Foster's claims for failure to file an expert report as required by section 74.351(a), it was, in substance, a motion to dismiss under section 74.351(b). *See Nguyen v. Kim*, 3 S.W.3d 146, 150 (Tex. App.—Houston [14th Dist.] 1999, no writ) ("It is well settled that in determining the nature of a pleading, we look to the substance of the plea for relief, not merely the form of title given to it."); *see also* Tex. R. Civ. P. 71 ("When a party has mistakenly designated any plea or pleading, the court, if justice so requires, shall treat the plea or pleading as if it had been properly designated."). Because it is appealing the August 16, 2013 order denying its motion for summary judgment, Cityview contends its August 30, 2013 notice of appeal was timely. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(9); Tex. R. App. P. 26.1(b) (requiring a notice of appeal in an accelerated appeal to be filed within twenty days after the order is signed), 28.1(a) (stating that appeals from interlocutory orders are accelerated appeals). Foster responds that section 51.014(a)(9) appeals are limited to appeals from orders denying motions to

6

dismiss brought under section 74.351(b).  Thus, Foster argues, Cityview cannot appeal the order denying its motion for summary judgment and was limited to appealing from the May 8 order denying its motion to dismiss.

We do not agree with Foster.  The plain language of section 51.014(a)(9) does not restrict the applicability of the section to denials of motions to dismiss; it permits an appeal from an interlocutory order that "denies all or part of the relief sought by a motion under Section 74.351(b)."  Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(9).  Section 74.351(b) is not limited to motions to dismiss.  *See id.* § 74.351(b).  In other words, section 51.014(a)(9) appears to allow interlocutory appeals from rulings on a certain issue, that is, the necessity of filing an expert report, not only rulings in certain forms.

During oral argument, Cityview's counsel stated that its motion to dismiss was "rebranded and filed as a motion for summary judgment."  We agree with Cityview's characterization of its summary judgment motion.  What it styled as a motion for summary judgment was essentially a motion to dismiss.  Cityview does not cite, nor have we found, any authority that would permit it to revive its right to an interlocutory appeal by filing a nearly identical motion after the trial court had already denied its earlier motion to dismiss.  Accordingly, we hold that Cityview waived its right to an interlocutory appeal challenging the trial court's refusal to dismiss Foster's claims when it failed to appeal the May 8 order.  *See* Tex. R. Civ. P. 26.1(b), 28.1(a); *Cent. Tex. Spine Inst., LLP v. Brinkley*, 344 S.W.3d 537, 542 (Tex. App.—Austin 2011, pet. denied) (holding that health care

7

provider defendants who failed to take an interlocutory appeal from denial of motion to dismiss health care liability claims that was not supported by an expert report waived their right to an interlocutory appeal and could not revive that right by filing a nearly identical second motion to dismiss); *see also Lewis v. Funderburk*, 191 S.W.3d 756, 761 (Tex. App.—Waco 2006) (explaining that section 51.014(a)(9) confers no jurisdiction on appellate court to review order denying motion for reconsideration of order denying relief under section 74.351(b)), *rev'd in part on other grounds*, 253 S.W.3d 204 (Tex. 2008); *cf. City of Houston v. Estate of Jones*, 388 S.W.3d 663, 667 (Tex. 2012) (holding that time period in which city could bring interlocutory appeal from denial of its plea to the jurisdiction under civil practice and remedies code section 51.014(a)(8) ran from the date of the original plea, rather than amended plea, where amended plea was substantively the same as the original plea with no new grounds asserted).

Therefore, this court lacks jurisdiction to review the merits of Cityview's motion for summary judgment. Accordingly, we must dismiss this appeal for lack of jurisdiction.

**Conclusion**

We dismiss the appeal for lack of jurisdiction. *See* Tex. R. App. P. 42.3(a),
43.2(f).

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL: LIVINGSTON, C.J.; and GARDNER, J.[5]

DELIVERED: February 19, 2015

---

[5] Justice McCoy was a member of the original panel but has retired in the
interim. This case was decided by the two remaining justices. *See* Tex. R. App.
P. 41.1(b).

9